BLD-065                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3612
_____

STEVEN DOUGLAS GEBHART,
                                             Appellant

v.

RICHARD J.  FUSCHINO, JR.
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-15-cv-01687)
District Judge:  Honorable Richard P. Conaboy
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 8, 2016

Before:  AMBRO, GREENAWAY, JR. and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 9, 2017)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Steven Douglas Gebhart, a Pennsylvania prisoner, appeals from the judgment of the United States District Court for the Middle District of Pennsylvania in a civil rights action. Because the appeal is frivolous, we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Gebhart filed a complaint in the District Court, naming only his privately retained criminal defense attorney, Richard Fuschino, Jr., as a defendant.[1] Along with his complaint, Gebhart filed a motion to proceed in forma pauperis ("IFP"). The complaint claimed that Fuschino engaged in fraud during a sentencing hearing, abandoned him by failing to file an appeal, and violated his civil rights by withdrawing certain pretrial motions. The complaint asked for compensatory and punitive damages.[2] The District

---

[1] Gebhart indicated in the District Court that he was convicted on November 17, 2010, of deceptive business practices, theft by deception, and violating Pennsylvania's Corrupt Organizations Act, for which he was sentenced on February 4, 2011, to 52 to 104 months in prison. He also noted that on November 3, 2011, he was convicted of insurance fraud and that he was sentenced on December 21, 2011, to a 9-month to 5-year consecutive prison term.

[2] Gebhart also filed a habeas petition in the District Court, including allegations against Fuschino. See Gebhart v. Commonwealth of Pa., M.D. Pa. Civ. No. 15-cv-01962. Because a copy was attached to his complaint, the District Court addressed the possibility that Gebhart was also seeking injunctive or declaratory relief in his complaint. The Court held that Gebhart's "present claims of being provided with ineffective assistance by Attorney Fuschino which led to an unconstitutional criminal conviction(s) and any related requests to have his criminal conviction overturned are not properly raised in a civil rights complaint," and would "be dismissed without prejudice to any right [Gebhart] may have to pursue such arguments via his pending federal habeas corpus petition." Dkt. #9, Dist. Ct. Mem. at 3-4. We are not certain that Gebhart was advancing these claims and seeking outright release via this complaint, but we agree with the District Court's conclusion that those claims were not properly included in a civil rights complaint. See Edwards v. Balisok, 520 U.S. 641, 648 (1997); Preiser v. Rodriguez, 411 U.S. 475, 484

2

Court dismissed the complaint as frivolous, under 28 U.S.C. § 1915(e)(2)(B).  Gebhart

sought reconsideration, which the District Court denied.  Gebhart then filed a timely

notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291.[3]  Section 1915(e)(2)(B)(i) instructs

us to dismissal any frivolous appeal that is brought IFP.  An appeal is frivolous if, inter

alia, it rests on an "indisputably meritless legal theory."  Neitzke v. Williams, 490 U.S.

319, 325 (1989).  We conclude that Gebhart's appeal is, indeed, "indisputably meritless."

As the District Court's memorandum opinion explained in detail, Gebhart's claims

against Fuschino are barred for two reasons.  First, success on Gebhart's claims would

necessarily imply the invalidity of his conviction.  Pursuant to Heck v. Humphrey, 512

U.S. 477, 486-87 (1994), his complaint was thus premature, because his conviction has

not been overturned.  And in any event, Gebhart's defense attorney was not a "state

actor" for purposes of claims brought under 42 U.S.C. § 1983.  See Polk Cty. v. Dodson,

454 U.S. 312, 318 n.7 (1981).[4]

---

(1975).

[3] Because Gebhart filed a timely motion for reconsideration in the District Court, we have jurisdiction to review both the District Court's initial decision dismissing the complaint, and the order denying his motion for reconsideration.  See Fed. R. App. P. 4(a)(4).

[4] Under the circumstances of this case, the District Court need not have given Gebhart leave to amend the complaint.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

Gebhart's motion for reconsideration also lacked merit.  See Lazardis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (per curiam).  The motion stated that his case "shock[ed] the conscience" and that there were "extraordinary circumstances."  Dkt. #11 at 1.  But Gebhart did not point out any error in the District Court's original decision,[5] and we find none.[6]

For the foregoing reasons, we will dismiss Gebhart's appeal as frivolous.

---

[5] Instead, in the motion to reconsider, and in two subsequent motions "for immediate release," Gebhart appeared to be raising new claims about the invalidity of his conviction.  The District Court's reasons for rejecting Gebhart's initial complaint would similarly apply to the claims suggested by Gebhart's motions.  See Heck, 512 U.S. at 486-87, Edwards, 520 U.S. at 648; Preiser, 411 U.S. at 484.

[6] To the extent that Gebhart's terse letter asking for "Investigation for Fraud" seeks relief from our Court, it is DENIED.